# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH WOOD, individually and as personal representative of the ESTATE OF BRIAN WOOD; JERRY WOOD; and BECKY WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>FARMINGTON CITY, a Utah municipal corporation; DAVIS COUNTY, a political subdivision of the State of Utah; SALT LAKE CITY, a Utah municipal corporation; and JOSHUA BOUCHER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:10-cv-933-DB-PMW<br><br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is movant Kristin Murphy's ("Ms. Murphy") motion to quash a deposition subpoena issued to her by Farmington City.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the

---

[1] *See* docket no. 44.

[2] *See* docket no. 66.

court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

On September 22, 2008, Brian Wood ("Mr. Wood") was shot and killed in a standoff with police in Farmington, Utah. Mr. Wood's wife, parents, and estate (collectively, "Plaintiffs") have sued police forces involved in the standoff alleging a violation of Mr. Wood's civil rights.

As the events of the standoff unfolded, Ms. Murphy, a reporter for the Deseret News, observed from a building across the street. Three other individuals, Todd Barton ("Mr. Barton"), Faith Wood ("Ms. Wood"), and Paul Waite ("Mr. Waite"), were also in the same room as Ms. Murphy during the standoff. All three of those individuals were either family members or acquaintances of Mr. Wood.

During his deposition, Mr. Barton testified that from the room where he was present, he had an unobstructed view of Mr. Wood during the standoff. Mr. Barton also testified that Ms. Murphy was watching the standoff and taking photographs through the window closest to Mr. Wood. Mr. Barton further indicated that Ms. Murphy had a camera with a zoom lens and a spotting scope. During her deposition, Ms. Wood testified that Ms. Murphy had the best vantage point of the standoff. Although Paul Waite was also present in the room during the standoff, his deposition had not yet been taken at the time Ms. Murphy's motion was filed.

On May 31, 2011, Plaintiffs issued a subpoena to Ms. Murphy to appear at a deposition and subpoena duces tecum to Deseret News to produce documents and photographs concerning the standoff. On June 16, 2011, Ms. Murphy and the Deseret News filed an objection and

motion to quash that subpoena.³ They objected to the subpoena on the grounds that the information sought is news-gathering material protected from compelled disclosure under the First Amendment. Plaintiffs subsequently withdrew that subpoena.⁴

On August 11, 2011, Farmington City issued a subpoena to Ms. Murphy to appear at a deposition ("Subpoena").⁵ On September 6, 2011, Ms. Murphy filed the motion to quash the Subpoena, which is the motion before the court.

## ANALYSIS

In her motion to quash, Ms. Murphy argues that the court should quash the Subpoena because it seeks testimony that is privileged news-gathering information protected from compelled production under the First Amendment. Ms. Murphy also argues that the Subpoena should be quashed under rules 26 and 45 of the Federal Rules of Civil Procedure because the information sought by the Subpoena is readily available from alternative sources, who are more apt to have relevant information; who are more convenient, less expensive, and less burdensome,

---

³ *See* docket no. 41.

⁴ *See* docket no. 45.

⁵ There is some dispute about the type of the Subpoena. Plaintiffs assert that the Subpoena was a subpoena to appear at a deposition and a subpoena duces tecum to produce the photographs she took during the standoff. However, as Ms. Murphy has correctly noted, the Subpoena required only that Ms. Murphy appear at a deposition to testify about "[a]ny and all documents, photographs, video, [or] audio in [her] possession relating to [Mr.] Wood and the incident that occurred on or about September 22, 2008." Docket no. 68 at 1. While the Subpoena contains a section concerning production of documents, the checkbox for that section of the Subpoena is blank. Accordingly, the court will treat the Subpoena as one requiring only that Ms. Murphy appear at a deposition.

3

and whose depositions do not pose the First Amendment concerns raised in Ms. Murphy's first argument. The court will address each of Ms. Murphy's arguments in turn.

## I. First Amendment Protection

"Journalists, reporters[,] and news persons do not enjoy an absolute privilege from giving evidence in judicial proceedings." *Bottomly v. Leucadia Nat'l Corp.*, No. 94-C-590 B, 1996 U.S. Dist. LEXIS 14760, at *4 (D. Utah July 2, 1996). However, the Tenth Circuit has recognized a qualified First Amendment privilege protecting against compelled disclosure of information acquired in the course of gathering the news. *See Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977). When considering whether such a qualified privilege exists, this court must consider the factors set forth by the Tenth Circuit in *Silkwood*. *See id.*; *see also Bottomly*, 1996 U.S. Dist. LEXIS 14760, at *7. Those factors are:

1. Whether the party seeking information has independently attempted to obtain the information elsewhere and has been unsuccessful.

2. Whether the information goes to the heart of the matter.

3. Whether the information is of certain relevance.

4. The type of controversy.

*Silkwood*, 563 F.2d at 438. The court turns to considering those factors as they apply to the instant motion.

First, the court considers whether Farmington City has attempted to obtain the information it seeks from other sources and whether those attempts have been successful. It appears that Farmington City has been, or will be, successful in taking the depositions of Mr. Barton, Ms. Wood, and Mr. Waite, which will no doubt yield those witnesses' accounts of the standoff. Accordingly, this factor weighs in favor of the existence of the qualified privilege.

Second, the court examines whether the Subpoena seeks information that goes to the heart of the matter. The court concludes that Ms. Murphy's account of the standoff is central to this case. While the three individuals referenced above have provided or will provide their accounts of the standoff, it appears that Ms. Murphy is the sole witness of the standoff who is not affiliated with either Plaintiffs or the police involved in the standoff. While the court has no reason to doubt the veracity of those three individuals' deposition testimony, the court concludes that Ms. Murphy's independent deposition testimony concerning the standoff goes directly to the heart of this case. Further, according to deposition testimony, Ms. Murphy had the best vantage point of the standoff and viewed it through both a camera with a zoom lens and a spotting scope. Likewise, eyewitness accounts can vary substantially from witness-to-witness, even when observing the same events. It is not at all clear that Ms. Murphy's testimony would be cumulative in nature of any of the other deponents. For those reasons, the court has determined that this factor weighs against the existence of the qualified privilege.

Third, the court considers whether the Subpoena requests information that is relevant. Relevance for purposes of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court concludes that Ms. Murphy's deposition testimony is highly relevant to the claims and defenses in this case. Therefore, this factor weighs against the existence of the qualified privilege.

Finally, the court looks to the type of controversy. As Ms. Murphy has noted, in considering the type of case involved, there is a heightened requirement of demonstrating need for the information in a civil case, as opposed to a criminal case, because a criminal defendant's constitutional rights are not implicated in a civil case. *See, e.g.*, *Altemose Constr. Co. v. Bldg. & Constr. Trades Council of Phila.*, 443 F. Supp. 489, 491 (E.D. Pa. 1977). The court concludes that this factor weighs in favor of the existence of the qualified privilege.

After weighing the four *Silkwood* factors, the court concludes that the qualified privilege does not exist in this case. The information sought by the Subpoena goes directly to the heart of this case and is highly relevant to the claims and defenses, and the court has determined that those two factors outweigh the remaining two factors. Accordingly, the court concludes that Ms. Murphy's argument on this issue fails.

### II. Rule 26 and Rule 45

Rule 26(b)(2)(C)(i) provides that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). In addition, rule 45(c)(1) and rule 45(c)(3)(A)(iv)

6

authorize the court to quash a subpoena if it subjects a person to an "undue burden." Fed. R. Civ. P. 45(c)(1), (c)(3)(A)(iv).

Ms. Murphy argues that the Subpoena should be quashed pursuant to those rules because the information sought by Farmington City is readily available from alternative sources, who are more apt to have relevant information; who are more convenient, less expensive, and less burdensome, and whose depositions do not pose the First Amendment concerns raised in Ms. Murphy's first argument. The court is not persuaded by those arguments.

First, the court is not convinced that other sources are more apt to have relevant information. As noted above, it appears that Ms. Murphy is the sole witness of the standoff who is not affiliated with either Plaintiffs or the police involved in the standoff. Further, according to deposition testimony, Ms. Murphy had the best vantage point of the standoff and viewed it through both a camera with a zoom lens and a spotting scope. In addition, the court has concluded that the information sought goes directly to the heart of this case and is highly relevant to the claims and defenses.

Second, Ms. Murphy has failed to persuade the court that other sources are more convenient, less expensive, and less burdensome. Other than conclusory statements to that effect, Ms. Murphy has provided no basis for this argument.

Finally, the court has rejected Ms. Murphy's First Amendment argument. Accordingly, her argument with respect to First Amendment concerns fails.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Ms. Murphy's motion to quash the Subpoena[6] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 18th day of November, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[6] *See* docket no. 66.