### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| **ELIZABETH WOOD, individually and as personal representative of the ESTATE OF BRIAN WOOD; JERRY WOOD; and BECKY WOOD,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | **Case No. 2:10-cv-933-DB-PMW** |
| **v.** | |
| **FARMINGTON CITY, a Utah municipal corporation; DAVIS COUNTY, a political subdivision of the State of Utah; SALT LAKE CITY, a Utah municipal corporation; and JOSHUA BOUCHER, an individual,** | **District Judge Dee Benson** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is a motion to quash a subpoena duces tecum ("Subpoena") filed by Mark L. Shurtleff, Attorney General for the State of Utah ("Mr. Shurtleff").[2]  The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1]  *See* docket no. 44.

[2]  *See* docket no. 101.

## **RELEVANT BACKGROUND**

On September 22, 2008, Brian Wood ("Mr. Wood") was shot and killed in a standoff with police officers in Farmington, Utah.  Mr. Wood's wife, parents, and estate (collectively, "Plaintiffs") have sued police forces involved in the standoff, alleging a violation of Mr. Wood's civil rights.

Subsequent to the shooting, the Utah Attorney General's office ("UAG") conducted an investigation into the incident.  On October 23, 2008, the UAG issued a letter of explanation and a report of its findings related to the investigation into the shooting.  In that letter, the UAG stated that, based upon its investigation, the actions of the police officers involved in the incident were legally justified.  According to Plaintiffs, the UAG's report includes a thorough discussion of witness statements, physical evidence, ballistics, toxicology, timelines, taser logs, video logs, the medical examiner's report, and numerous other pieces of information that were obtained and/or produced by the UAG's investigators.

On September 28, 2011, Plaintiffs sent a Government Records Access and Management Act ("GRAMA") request to the UAG, seeking

> complete copies of any documents, photographs, charts, witness statements, testing data, ballistic testing results, summaries, unedited recordings, either video or audio or any other related media and/or digitally or analogically stored recordings in the [UAG]'s possession at any time concerning the incident . . . in connection with [its] investigation of the officer[-]involved shooting of Brian E. Wood on September 22, 2008, in Farmington, Utah.[3]

---

[3]  Docket no. 108, Exhibit B.

On October 14, 2011, Plaintiffs received a letter from the UAG denying their GRAMA request.[4]  In that letter, the UAG indicated that the records sought by Plaintiffs related to the UAG's investigation were protected under Utah Code § 63G-2-305(9).  On November 10, 2011, Plaintiffs appealed the denial to the Deputy Attorney General.[5]  On November 15, 2011, the Deputy Attorney General upheld the denial.[6]  In the letter upholding the denial, the Deputy Attorney General stated that the records were protected because the investigation into the incident was active and ongoing.  In support of the decision to uphold the denial, the Deputy Attorney General cited the same statutory provision cited by the UAG in its original denial letter, Utah Code § 63G-2-305(9)(a), (c), (d), and (e).

On December 14, 2011, Plaintiffs filed a complaint in state court for judicial review of the UAG's denial of the GRAMA request.[7]  While that action was pending, Plaintiffs served the Subpoena on Mr. Shurtleff on January 19, 2012.[8]  According to Plaintiffs, the Subpoena seeks disclosure of the same information that is sought by their GRAMA request.

## ANALYSIS

In his motion to quash, Mr. Shurtleff argues that the court should quash the Subpoena because the information sought by the Subpoena is protected by certain privileges.  Mr. Shurtleff

---

[4]  *See id.*, Exhibit C.

[5]  *See id.*, Exhibit D.

[6]  *See id.*, Exhibit E.

[7]  *See id.*, Exhibit F.

[8]  *See id.*, Exhibit G.

also argues that the Subpoena should be quashed because the information sought by the

Subpoena is protected from disclosure by GRAMA.  Finally, Mr. Shurtleff argues that the

Subpoena should be quashed because it is an attempt by Plaintiffs to circumvent the requirements

of GRAMA and their appeal of the GRAMA request currently pending in state court.  Because

the court has determined that Mr. Shurtleff's second argument is dispositive of the instant

motion, the court need not reach his other arguments.

       In relevant part, Utah Code § 63G-2-305 provides:

> The following records are protected if properly classified by a
> governmental entity:
>
> > . . . .
>
> > (9) records created or maintained for civil, criminal, or
> > administrative enforcement purposes or audit purposes, or
> > for discipline, licensing, certification, or registration
> > purposes, if release of the records:
>
> > > (a) reasonably could be expected to interfere with
> > > investigations undertaken for enforcement,
> > > discipline, licensing, certification, or registration
> > > purposes;
>
> > > > . . . .
>
> > > (c) would create a danger of depriving a person of a
> > > right to a fair trial or impartial hearing;
>
> > > (d) reasonably could be expected to disclose the
> > > identity of a source who is not generally known
> > > outside of government and, in the case of a record
> > > compiled in the course of an investigation, disclose
> > > information furnished by a source not generally
> > > known outside of government if disclosure would
> > > compromise the source; or

> (e) reasonably could be expected to disclose investigative or audit techniques, procedures, policies, or orders not generally known outside of government if disclosure would interfere with enforcement or audit efforts . . . .

Utah Code § 63G-2-305(9)(a), (c)-(e).

Mr. Shurtleff argues that the Subpoena seeks records that fall within the above-referenced categories and, consequently, that the records are protected from disclosure. The court agrees. The UAG has submitted an affidavit along with their motion indicating that the records sought do indeed fall within the above-referenced categories.[9] The court accepts in good faith the accuracy of that affidavit. Accordingly, the court concludes that the records sought by the Subpoena are protected from disclosure by Utah Code § 63G-2-305(9)(a), (c), (d), and (e).

## **CONCLUSION**

For the reasons set forth above, Mr. Shurtleff's motion to quash the Subpoena[10] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 3rd day of April, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[9]  *See* docket no. 102 at 14-16.

[10]  *See* docket no. 101.

5